FILED
2018 Oct-18 AM 09:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RESHUNDRA C. BROWN,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | 2:17-cv-01982-ACA |
| ] | |
| **OOGP, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant Express Employment Professionals'[1] ("Express") motion to dismiss the second amended complaint (doc. 16), and Defendant OOGP, Inc.'s motion to partially dismiss the second amended complaint (doc. 17).

In her second amended complaint, Plaintiff Reshundra Brown asserts that Express and OOGP engaged in race, color, national origin, and sex discrimination, retaliated against her, and provided a hostile work environment, all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* The court **GRANTS** Express' motion to dismiss and **DISMISSES** all claims against Express because Ms. Brown failed to allege any facts indicating that Express engaged in discrimination, retaliated against her, or provided a hostile

---

[1] Express asserts that its actual name is "Express Services, Inc." (Doc. 16). The court will refer to it as "Express."

work environment.  The court **GRANTS** OOGP's motion to partially dismiss the second amended complaint and **DISMISSES** all claims against OOGP except the claims that it engaged in sex discrimination, provided a hostile work environment, and retaliated against her for complaining about the sex discrimination and a hostile work environment.

I. BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).  Taken in that light, Ms. Brown, a black female, alleges that Express and OOGP employed her from August 10, 2015, until November 24, 2015.[2]  (Doc. 15 at 2, 6).  Express was the "recruiter and hiring partner of temporary employees" for OOGP.  (*Id.* at 2).  Once temporary employees have completed 500 hours of work, Express and OOGP "hir[e] the temporary workers . . . as permanent fulltime employees with OOGP."  (*Id.* at 8).

While Ms. Brown was working for Express and OOGP, Jeff Birk was OOGP's Director of Operations and Brandon Cook was her supervisor.  (*Id.* at 5).  A man named Brian, whose last name Ms. Brown does not give, was the assistant manager.  (*Id.* at 5–6).  OOGP also employed several other people, most of whom

---

[2] The complaint intermittently refers to Ms. Brown as "Bell" and as "he."  The court assumes these are typos.

2

Ms. Brown identifies only by first name: Kandy Jenkins, Christian (or Kristen), Shannon, Mia, and Zach. (*Id.* at 5–6). Finally, Express' staffing manager was Steve Wakefield. (*Id.* at 5).

In late October and early November, Ms. Brown complained to Mr. Birk (OOGP's Director of Operations) and to a 1-800 "Ethics line" about "the hostile nature of the workplace and the open sexual relationships and inappropriate sexual conversations in her presence between managers and other coworkers and the favoritism shown to those who participated in these inappropriate relationships over Brown who did not." (*Id.* at 5, 7–8).

Mr. Birk visited the OOGP facility on November 17 and 18, 2017, but failed to take any action about Ms. Brown's complaints and told her to make all future complaints to the "Ethics line." (*Id.* at 8). After Mr. Birk left on November 18, Kandy, Brian, and Mr. Cook confronted Ms. Brown about her complaints to Mr. Birk. (*Id.* at 9). Mr. Cook threatened to "make [Ms. Brown]'s life a living hell," and Christian/Kristen physically threatened Ms. Brown. (*Id.* at 10).

After that meeting, Kandy ordered Ms. Brown to stop using her phone at work even though other employees were allowed to use their phones. (*Id.* at 7, 9). In addition, two white coworkers, Christian/Kristen and Zach, were suspected of using marijuana but no one took any action against them. (*Id.* at 11).

Around November 23, Mr. Cook told Ms. Brown that she had completed her 500 hours of work and "he was ready to hire her fulltime with OOGP." (*Id.* at 8). But he also told her that because she had complained "about harassment and sexual harassment," he was considering firing her and hiring someone else. (*Id.* at 8–9). The next morning, as she was on her way to work, Express' staffing manager, Mr. Wakefield, called her and let her know that she had been terminated. (*Id.* at 8).

In February 2016, Ms. Brown filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").[3] (Doc. 1-1). Her charge identifies her employer as OOGP and checks the boxes for race, color, sex, and national origin discrimination, and for retaliation. (*Id.* at 1). Her description states that OOGP hired her "after referral by Express Employment Professionals," and that OOGP terminated her because of her complaints about sexual conduct and harassment. (*Id.* at 1–2).

---

[3] Although Ms. Brown does not attach her EEOC charge to her second amended complaint, she attached it to her initial complaint and expressly refers to it in her second amended complaint. (*See* Doc. 1-1; Doc. 15 at 4). Accordingly, the court's description of the facts will include the EEOC charge. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the [c]ourt may consider the documents part of the pleadings for purposes of [Federal] Rule [of Civil Procedure] 12(b)(6) dismissal . . . ."); *cf. Hoefling v. City of Miami*, 811 F.3d 1271, 1277–78 (11th Cir. 2016) (holding that a court could not consider a document attached to an initial complaint when the amended complaint expressly disavowed the document).

After the EEOC issued her a notice of right to sue, (doc. 1-2), Ms. Brown filed this lawsuit, (doc. 1). In her second amended complaint, Ms. Brown asserts the following claims under Title VII: (1) racial/color/national origin discrimination ("Count One"); (2) sex discrimination ("Count Two"); (3) reprisal and retaliation ("Count Three"); (4) hostile work environment ("Count Four"). (Doc. 15 at 12–23).

## II. DISCUSSION

Express moves to dismiss all claims against it, (doc. 16), and OOGP moves to dismiss all claims except the claims of sex discrimination, providing a hostile work environment and retaliation for complaining about sex discrimination and the hostile work environment, (doc. 17). Before discussing the motions, the court notes that Ms. Brown's second amended complaint made several passing references to 42 U.S.C. § 1981, but it did not assert a claim under that statute. (*See* Doc. 15 at 1, 3, 14). Ms. Brown concedes that any references to § 1981 were "scrivener's error." (Doc. 26 at 4; *see also* Doc. 25). Accordingly, the court **GRANTS** the motion to dismiss any claims under § 1981.

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. "To survive a motion to dismiss, the plaintiff must plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although

5

the court must accept as true the plaintiff's factual allegations, the court need not accept as true the plaintiff's legal conclusions. *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011). Accordingly, the court must distinguish between the complaint's well-pleaded factual allegations and the complaint's legal conclusions made without adequate factual support. *Id.* A complaint that provides only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not state a claim sufficient to survive a Rule 12(b)(6) motion. *Twombly*, 550 U.S. at 555.

    *A.    Express' Motion to Dismiss*

Express moves to dismiss the claims against it for failure to exhaust administrative remedies and failure to state a claim. (Doc. 16). Because the court concludes that the second amended complaint fails to state a claim against Express, the court will not address administrative exhaustion of those claims.

First, although Ms. Brown alleges that OOGP and Express are joint employers, she asserts no facts supporting that allegation. Instead, she alleges that Express would refer temporary workers to OOGP, which would eventually hire those temporary workers if they completed enough hours of work. The court cannot accept her conclusory allegation that Express and OOGP qualify as "joint employers" for Title VII purposes. *See Mamani*, 654 F.3d at 1153. In addition, the second amended complaint asserts no facts indicating that any Express

6

employee ever harassed, discriminated against, or retaliated against Ms. Brown; indeed, the only factual allegation relating to Express is that its staffing manager called Ms. Brown to tell her that OOGP had terminated her employment. (*See generally* Doc. 15 at 5–12).

The second amended complaint simply does not allege facts from which the court can conclude that Ms. Brown has "a claim to relief that is plausible on its face" against Express. *Twombly*, 550 U.S. at 555. Accordingly, the court **GRANTS** Express' motion to dismiss and **DISMISSES WITH PREJUDICE** all claims against Express.

  B. *OOGP's Motion to Dismiss*

OOGP moves to dismiss Ms. Brown's claims of race, color, and national original discrimination, her claim of retaliation to the extent it is predicated on complaints about race, color, or national origin discrimination, and any claims relating to job duties, assignments, evaluations, pay, and promotions, on the basis that Ms. Brown failed to administratively exhaust those claims. (Doc. 17 at 3–5). In other words, OOGP moves to dismiss every claim except three: the claim of sex discrimination, the claim of providing a hostile work environment, and the claim of retaliation for complaining about sex discrimination and the hostile work environment. Ms. Brown does not respond to OOGP's argument about

administrative exhaustion. (*See* Doc. 25). Accordingly, the court considers the motion to be unopposed.

Before filing a Title VII action, "a plaintiff first must file a charge of discrimination with the EEOC." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). "[A] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 1280. This requirement exists because the EEOC "should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Id.* at 1279.

Ms. Brown's EEOC charge discussed only her complaints about "the hostile nature of the workplace and the open sexual relationships between managers and other co-workers and the favoritism shown to those who participated in these relationships over others who did not" and her allegation that her termination was in retaliation for those complaints. (Doc. 1-1 at 1–2). Although she checked boxes for race, color, and national origin, she presented no allegations to even hint that her complaint related to race, color, or national origin. Accordingly, the EEOC did not have an opportunity to investigate those allegations and Ms. Brown failed to administratively exhaust those claims. The court **GRANTS** OOGP's motion to partially dismiss the complaint and **DISMISSES WITH PREJUDICE** all claims

against OOGP except the claims of sex discrimination, providing a hostile work environment, and retaliation for complaining about sex discrimination and the hostile work environment.

III. CONCLUSION

The court **GRANTS** Express' motion to dismiss and **DISMISSES WITH PREJUDICE** all claims against Express. The court **DIRECTS** the Clerk to term Express as a party to this case.

The court **GRANTS** OOGP's motion to partially dismiss the complaint and **DISMISSES WITH PREJUDICE** all claims against OOGP except the claims of sex discrimination, providing a hostile work environment, and retaliation for complaining about sex discrimination and providing a hostile work environment.

**DONE** and **ORDERED** this October 18, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE